

**CT Corporation**
**Service of Process Notification**
04/29/2022
CT Log Number 541493130

## Service of Process Transmittal Summary

**TO:**   Greg Moundas, Executive V.P. General Counsel
AIMBRIDGE HOSPITALITY LLC
5301 HEADQUARTERS DR
PLANO, TX 75024-6187

**RE:**   **Process Served in California**

**FOR:**   INTERSTATE-RIM MANAGEMENT COMPANY, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DAVID YUREVICH JR., individually and on behalf of all others similarly situated // To: INTERSTATE-RIM MANAGEMENT COMPANY, LLC |
| **CASE #:** | 22STCV07221 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/29/2022 at 01:32 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  KAREN KOVACH  karen.kovach@aimhosp.com |
| | Email Notification,  Laura Vesely  laura.vesely@aimhosp.com |
| | Email Notification,  Nicole Graves  nicole.graves@aimhosp.com |
| | Email Notification,  Matt Dreyfuss  matthew.dreyfuss@aimhosp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1

EXHIBIT A, p. 3

# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Fri, Apr 29, 2022
**Server Name:**                       Douglas Forrest

| Entity Served | INTERSTATE-RIM MANAGEMENT COMPANY, LLC |
|---|---|
| Case Number | 22stcv07221 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



EXHIBIT A, p. 4

Electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2022 03:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Thomas,Deputy Clerk
22STCV07221

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* Interstate-Rim Management Company, a Delaware
Limited Liability Company operating at: Double Tree San Pedro; Interstate Hotels & Resorts,
Inc.; Aimbridge Hospitality, LLC, a Delaware Liability Company; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID YUREVICH JR., individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles Superior Court<br>111 North Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>22STCV07221 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; (949)387-7200

| DATE:<br>*(Fecha)* 04/19/2022 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* E. Thomas | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Interstate-Rim Management Company a Delaware Limited Company Operating at
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC      DoubleTree San Pedro
4. ☐ by personal delivery on *(date)*



| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Page 1 of 1

EXHIBIT A, p. 5

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kenneth Freeman
Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2022 07:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff DAVID YUREVICH JR.,
Individually and on behalf of all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID YUREVICH JR., individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>INTERSTATE-RIM MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company operating at: DOUBLETREE SAN PEDRO; INTERSTATE HOTELS & RESORTS, INC.; AIMBRIDGE HOSPITALITY, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>                Defendants. | CASE NO.: 22STCV07221<br><br>**CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382:**<br><br>1. **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194**<br>2. **Failure to Pay Timely Wages Required by Labor Code § 203**<br>3. **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**<br>4. **Failure to Accurately Record and Pay Sick Leave as Required by Labor Code § 246**<br>5. **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802**<br>6. **Violation of Business & Professions Code § 17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

1      Plaintiff DAVID YUREVICH JR. ("Plaintiff"), individually and on behalf of all others

2   similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby

3   files this Complaint against Defendants INTERSTATE – RIM MANAGEMENT COMPANY,

4   LLC, a Delaware Limited Liability company operating at: DOUBLETREE SAN PEDRO;

5   INTERSTATE HOTELS & RESORTS, INC.; AIMBRIDGE HOSPITALITY, LLC, a Delaware

6   Limited Liability Company; and DOES 1-50, inclusive (collectively "Defendants") and alleges on

7   information and belief as follows:

8                              **I.   JURISDICTION AND VENUE**

9      1.      This class action is brought pursuant to California Code of Civil Procedure §382.

10  The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits

11  of the California Superior Court and will be established according to proof at trial.

12     2.      This Court has jurisdiction over this action pursuant to the California Constitution

13  Article VI §10, which grants the California Superior Court original jurisdiction in all causes

14  except those given by statute to other courts. The statutes under which this action is brought do not

15  give jurisdiction to any other court.

16     3.      This Court has jurisdiction over Defendants because, upon information and belief,

17  each Defendant either has sufficient minimum contacts in California, or otherwise intentionally

18  avails itself of the California market so as to render the exercise of jurisdiction over it by the

19  California Courts consistent with traditional notions of fair play and substantial justice.

20     4.      The California Superior Court also has jurisdiction in this matter because the

21  individual claims of the members of the Classes herein are under the seventy-five thousand dollar

22  ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys'

23  fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of

24  2005. Further, there is no federal question at issue, as the issues herein are based solely on California

25  statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC")

26  and B&PC.

27     5.      Venue is proper in this Court because upon information and belief, one or more of

28  the Defendants, reside, transact business, or have offices in this County and/or the acts or

1   omissions alleged herein took place in this County.

2   ## II. PARTIES

3       6.      Plaintiff DAVID YUREVICH JR. was, at all times relevant to this action, a
4   resident of California. Plaintiff was employed by Defendants in approximately February 2016 as a
5   Non-Exempt Employee with the title of Concierge and then Front Desk and worked during the
6   liability period for Defendants until Plaintiff's separation from Defendants' employ in
7   approximately June 2021. Plaintiff's duties included but were not limited to: providing customer
8   service and assistance to guests, checking guests in, offering suggestions for food, administrative
9   paperwork, cleaning rooms, and filling in where needed.

10      7.      Defendants INTERSTATE – RIM MANAGEMENT COMPANY, LLC, a
11  Delaware Limited Liability company operating at: DOUBLETREE SAN PEDRO, INTERSTATE
12  HOTELS & RESORTS, INC.; and AIMBRIDGE HOSPITALITY, LLC, a Delaware Limited
13  Liability company, operates as a hotel and hospitality business. Plaintiff estimates there are in
14  excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last
15  year.

16      8.      Other than identified herein, Plaintiff is unaware of the true names, capacities,
17  relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as
18  DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are
19  legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by
20  such fictitious names. Plaintiff will amend this complaint when their true names and capacities are
21  ascertained.

22      9.      Plaintiff is informed and believes and thereon alleges that each defendant, directly
23  or indirectly, or through agents or other persons, employed Plaintiff and other members of the
24  Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed
25  and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as
26  the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects
27  pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

28

1    **III. CLASS ACTION ALLEGATION**

2         10.      Plaintiff brings this action individually and on behalf of all others similarly

3    situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are

4    defined as follows:

5         All persons who have been employed by Defendants as Non-Exempt Employees or
          equivalent positions, however titled, in the state of California within four (4) years from
6         the filing of the Complaint in this action until its resolution. (collectively referred to as the
          "Class" or "Plaintiff's Class" or "Class Members").
7

8         11.      Plaintiff also seeks to represent the subclass(es) composed of and defined as

9    follows:

10

11        **Sub-Class 1:** All Class Members who are or were employed by Defendants at any time
          between February 2021 and the present and who received wage statements from Defendant
12        (hereinafter collectively referred to as the "Wage Statement Subclass").

13        **Sub-Class 2:** All Class Members who have been employed by Defendants at any time
          between February 2019 and the present and have separated their employment (hereinafter
14        collectively referred to as the "Waiting Time Penalty Subclass").

15        **Sub-Class 3:** All Class Members who are or were employed by Defendants and incurred
          business expenses as a result of the discharge of their duties (hereinafter collectively
16        referred to as the "Reimbursement Subclass").

17        **Sub-Class 4:** All Class Members who are or were employed by Defendants and subject to
          Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair
18        Business Practice Subclass").

19        12.      Plaintiff reserves the right under California Rule of Court 3.765(b) and other

20   applicable laws to amend or modify the class definition with respect to issues or in any other

21   ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

22        13.      The term "Class" includes Plaintiff and all members of the Class and each of the

23   Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in

24   this complaint.

25        14.      There is a well-defined community of interest in the litigation and the proposed

26   Class is easily ascertainable through the records Defendants are required to keep.

27        15.      Numerosity. The members of the Class are so numerous that individual joinder of

28   all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown

- 3 -
CLASS ACTION COMPLAINT

1  to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least

2  100 (one hundred) Class members.

3       16.     Commonality. Common questions of law and fact exist as to all Class members

4  and predominate over any questions that affect only individual members of the Class. These

5  common questions include, but are not limited to:

6            i.       Whether Defendants failed to pay minimum wage compensation to Plaintiff

7  and Class Members for all hours worked;

8            ii.      Whether Defendants failed to accurately pay overtime to Plaintiff and Class

9  Members;

10           iii.     Whether Defendants failed to reimburse necessary business expense

11 pursuant to Labor Code § 2802;

12           iv.      Whether Defendants provided accurate itemized wage statements pursuant

13 to Labor Code section 226;

14      v.     Whether Defendants failed to pay sick time using the proper regular rate pursuant

15 to Labor Code section 246;

16           vi.      Whether Defendants violated Business and Professions Code and Labor

17 Code §§ 201-203, 246, 510, 512, 558, 226, 226.3, 226.7, 246, 1174, 1174.5, 1175, 1194, 1197,

18 1197.1, 1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation of

19 fundamental public policy; and

20           vii.     Whether Plaintiff and the Members of the Plaintiff Class are entitled to

21 equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.*

22           viii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to

23 relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant

24 to Labor Code §§ 558, 1194 and 1197.

25      17.     Typicality. Plaintiff's claims herein alleged are typical of those claims which could

26 be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief

27 which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff

28 and all members of the Class and or Subclass sustained injuries and damages arising out of and

- 4 -
CLASS ACTION COMPLAINT

1 | caused by Defendants' common course of conduct in violation of California laws, regulations, and

2 | statutes as alleged herein.

3 |      18.   <u>Adequacy</u>. Plaintiff is qualified to, and will fairly and adequately protect the

4 | interests of each member of the Class and/or Subclass with whom she has a well defined

5 | community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an

6 | obligation to make known to the Court any relationships, conflicts, or differences with any

7 | member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class

8 | and Subclass are versed in the rules governing class action discovery, certification, litigation, and

9 | settlement and experienced in handling such matters. Other former and current employees of

10 | Defendants may also serve as representatives of the Class and Subclass if needed.

11 |      19.   <u>Superiority</u>. A class action is superior to other available means for the fair and

12 | efficient adjudication of the claims of the Class and would be beneficial for the parties and the

13 | court. Class action treatment will allow a large number of similarly situated persons to prosecute

14 | their common claims in a single forum, simultaneously, efficiently, and without the unnecessary

15 | duplication of effort and expense that numerous individual actions would require. The damages

16 | suffered by each Class member are relatively small in the sense pertinent to class action analysis,

17 | and the expense and burden of individual litigation would make it extremely difficult or

18 | impossible for the individual Class Members to seek and obtain individual relief. A class action

19 | will serve an important public interest by permitting such individuals to effectively pursue

20 | recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent

21 | or contradictory judgments raised by individual litigation.

22 |      20.   <u>Public Policy Considerations</u>: Employers in the state of California violate

23 | employment and labor laws every day. Current employees are often afraid to assert their rights out

24 | of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because

25 | they believe their former employers may damage their future endeavors through negative

26 | references and/or other means. The nature of this action allows for the protection of current and

27 | former employees' rights without fear or retaliation or damage.

28 |

- 5 -<br>CLASS ACTION COMPLAINT

## IV. FACTUAL ALLEGATIONS

21.     At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

22.     Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

23.     Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties related to Defendants' hotel business.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25.     Plaintiff is informed and believes that during the relevant time frame, all Class Members are citizens of the state of California.

26.     On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

27.     During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

28.     In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the employee's correct rate of pay per hour for overtime.

29.     Defendants also failed to properly calculate Plaintiff's and the Class Members' regular rate of pay including but not limited to by failing to include all forms of compensation/remuneration in the regular rate including but not limited to bonuses, incentives, commissions, training and orientation pay, shift differential pay, and other compensation for overtime calculation purposes.

30.     In addition, upon information and belief, Plaintiff alleges that Defendants failed to pay sick leave pay to Plaintiff and the Class Members at the proper rate, as Defendants failed to factor all forms of compensation into the regular rate.

31.     Plaintiff are informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

32.     On information and belief, Defendants also required Plaintiff and Class Members to work off-the-clock. For instance, Plaintiff, and on information and belief Class Members, were required to use their personal cell phone to communicate with the manager and general manager via text message to discuss scheduling and other work-related issues. Defendants failed to include off-the-clock work performed after Plaintiff and Class Members clocked out for the day. During the relevant time frame, Plaintiff and Class Members were required to close the gate after clocking out on a daily basis. Lastly, Defendants failed to include off-the-clock work performed by Plaintiff and Class Members for the time spent cleaning the fingerprint scanner so they could accurately clock-in. Often times, the fingerprint scanner used to clock-in would be dirty and fail to function properly. Over time this resulted in an underpayment of minimum and overtime wages.

33.     Defendants also failed to reimburse Plaintiff and Class Members for business expenses incurred pursuant to Labor Code section 2802. For instance, Defendants did not reimburse Plaintiff and Class Members for use of personal cellphones to carry out their work-related duties while under the direction and control of Defendants. Plaintiff and on information and belief Class Members, were required to use their personal cell phones to communicate with Defendants' management. Plaintiff was forced to exchange text messages with the manager and/or general manager regarding scheduling and other work related issues for approximately five to ten minutes, approximately three (3) times per week. During work hours, every other day (daily during COVID-19), Plaintiff would text message with his managers from approximately 5:00 p.m. to 11:00 p.m. when he was left alone at the front desk. Although the front desk had a phone, managers would choose to send text messages to Plaintiff's personal cell phone. Lastly, on a daily

1    basis, Plaintiff and on information and belief Class Members, would take pictures on their

2    personal cell phones of guests' rooms to assess damage or items left in the room. Defendants

3    failed to reimburse Plaintiff and Class Members for personal cell phone use.

4         34.    Defendants failed to reimburse Plaintiff and Class Members for necessary business

5    expenses as it relates to the maintenance and upkeep of Defendants' uniforms pursuant to Labor

6    Code § 2802. Defendants required Plaintiff and Class Members to wear a suit as their work

7    uniform. Plaintiff was forced to purchase his suits, costing him at least $300. Additionally,

8    Plaintiff and Class Members were responsible for the maintenance of their uniforms and were

9    required to keep them clean and in professional condition. As a result, Plaintiff and Class

10   Members would spend time regularly laundering and caring for their uniforms. However, despite

11   these realities, Defendants failed to reimburse Plaintiff and Class Members for expenses resulting

12   from maintaining their uniforms. Defendants promised Plaintiff that they would reimburse him for

13   costs relating to purchasing suits, but Defendants failed to do so. Further, Plaintiff and Class

14   Members were forced to purchase their own COVID-19 protective gear, such as masks.

15   Defendants failed to reimburse Plaintiff and Class Members for these necessary business

16   expenditures.

17        35.    Defendants also failed to provide accurate, lawful itemized wage statements to

18   Plaintiff and the Class Members in part because of the above specified violations. In addition,

19   upon information and belief, Defendants omitted an accurate itemization of total hours worked,

20   including premiums due, overtime pay, gross pay and net pay figures from Plaintiff and the Class

21   Members ' wage statements.

22        36.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

23   mentioned, Defendants knew that at the time of termination of employment (or within 72 hours

24   thereof for resignations without prior notice as the case may be) they had a duty to accurately

25   compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and

26   rest period premiums, and that Defendants had the financial ability to pay such compensation, but

27   willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-

28   specified violations.

- 8 -
CLASS ACTION COMPLAINT

37.     Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)     failing to pay overtime and minimum wages;

(b)     failing to provide accurate itemized wage statements;

(c)     failure to accurately pay sick pay;

(d)     failing to timely pay Plaintiff and Class Members ;

(e)     failure to reimburse business expenses; and

(f)     conducting and engaging in unfair business practices.

38.     In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

39.     Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES INCLUDING OVERTIME

#### (Against All Defendants)

40.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

41.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

42.     At all relevant times, Labor Code §1197 provides that the minimum wage for

1   employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a

2   lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order

3   and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour

4   worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff

5   and Class Members' employment by Defendants provided that employees working for more than

6   eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation

7   at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight

8   (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve

9   (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

10       43.     At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons

11   acting individually as an officer, agent, or employee of another person, who pays or causes to be

12   paid to any employee a wage less than the minimum fixed by an applicable state or local law, or

13   by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated

14   damages payable to the employee, and any applicable penalties pursuant to Section 203.

15       44.     Labor Code §510 codifies the right to overtime compensation at the rate of one and

16   one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or

17   forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for

18   hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

19   seventh day of work in a particular work week.

20       45.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt

21   work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000,

22   et. seq. and the Labor Code.

23       46.     At all times relevant, Plaintiff and Class Members consistently worked in excess of

24   eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately

25   calculate overtime pay to Plaintiff and Class Members.

26       47.     At all times relevant, Plaintiff and Class Members consistently worked off-the-

27   clock, for duties performed while clocked-out, resulting in an inaccurate payment of minimum and

28   overtime wages to Plaintiff and Class Members.

48.  Defendants further failed to incorporate bonuses, shift differentials, and other remunerations into the employees' regular rates of pay for purposes of calculating overtime.

49.  At all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiff and Class Members.

50.  Accordingly, Defendants owe Plaintiff and Class Members minimum and overtime wages, and have failed to pay Plaintiff and Class Members their wages owed.

51.  Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY TIMELY PAY WAGES

### (Against All Defendants)

52.  Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

53.  Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

54.  Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

55.  During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

56.  As a result, Defendants are liable to Plaintiff and members of the Non-Exempt

- 11 -

1    Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount

2    according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Against All Defendants)

6    57.    Plaintiff incorporates and re-alleges each and every allegation contained above as

7    though fully set forth herein.

8    58.    Section 226(a) states that An employer, semimonthly or at the time of each

9    payment of wages, shall furnish to his or her employee, either as a detachable part of the check,

10   draft, or voucher paying the employee's wages, or separately if wages are paid by personal check

11   or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

12   worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units

13   earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

14   deductions, provided that all deductions made on written orders of the employee may be

15   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

16   which the employee is paid, (7) the name of the employee and only the last four digits of his or her

17   social security number or an employee identification number other than a social security number,

18   (8) the name and address of the legal entity that is the employer.

19   59.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage

20   statements all deductions from payment of wages and to accurately report total hours worked by

21   Plaintiff and the Class including applicable hourly rates among other things. Defendants have

22   knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage

23   statements that have been provided to Plaintiff and the Class.

24   60.    IWC Wage Orders require Defendants to maintain time records showing, among

25   others, when the employee begins and ends each work period, meal periods, split shift intervals

26   and total daily hours worked in an itemized wage statement, and must show all deductions and

27   reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

28   the Class. On information and belief, Defendants have failed to record all or some of the items

1  delineated in Industrial Wage Orders and Labor Code §226.

2      61.    Defendants have failed to accurately record all time worked.

3      62.    Defendants have also failed to accurately record the meal and rest period premiums
4  owed and all wages owed per pay period.

5      63.    Plaintiff and the Class have been injured as they were unable to determine whether
6  they had been paid correctly for all hours worked per pay period among other things.

7      64.    Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a
8  maximum of $4,000 each for record keeping violations.

9      65.    Pursuant to Labor Code section 226.3, any employer who violates subdivision (a)
10 of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)
11 per employee per violation in an initial citation and one thousand dollars ($1,000) per employee
12 for each violation in a subsequent citation, for which the employer fails to provide the employee a
13 wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

14                          **FOURTH CAUSE OF ACTION**

15                **FAILURE TO ACCURATELY RECORD AND PAY SICK LEAVE**

16                              **(Against All Defendants)**

17     66.    Plaintiff incorporates and re-alleges each and every allegation contained above as
18 though fully set forth herein.

19     67.    Labor Code Section 246(i) provides that: "an employer shall provide an employee
20 with written notice that sets forth the amount of paid sick leave available, or paid time off leave an
21 employer provides in lieu of sick leave, for use on either the employee's itemized wage statement
22 described in Section 226 or in a separate writing provided on the designated pay date with the
23 employee's payment of wages. If an employer provides unlimited paid sick leave or unlimited
24 paid time off to an employee, the employer may satisfy this section by indicating on the notice or
25 the employee's itemized wage statement 'unlimited.' The penalties described in this article for a
26 violation of this subdivision shall be in lieu of the penalties for a violation of Section 226."

27     68.    Labor Code § 246 provides that the employer shall calculate paid sick leave by
28 using one of two calculations: (1) "Paid sick time for nonexempt employees shall be calculated in

1  the same manner as the regular rate of pay for the workweek in which the employee uses paid sick

2  time, whether or not the employee actually works overtime in that workweek;" or (2) "Paid sick

3  time for nonexempt employees shall be calculated by dividing the employee's total wages, not

4  including overtime premium pay, by the employee's total hours worked in the full pay periods of

5  the prior 90 days of employment."

6      69.    Whenever Defendants paid Plaintiff and Class Members sick time pursuant to

7  California Labor Code § 246, Defendant did so at the incorrect rate of pay. Defendants paid

8  Plaintiff and the Class Members at the incorrect rate of pay and/or base hourly rate of pay, as

9  opposed to the regular rate of pay, which would take into account all night premiums and/or shift

10 differentials, or by dividing the employees' total wages, not including overtime premium pay, by

11 the employees' total hours worked in the full pay periods of the prior 90 days of employment, as

12 required by Labor Code § 246. This resulted in the employees being underpaid for sick time, and

13 resulted in violations of California Labor Code §§ 201, 202, and 203, and other derivative Labor

14 Code violations, because Defendant did not pay, or timely pay, Plaintiff and the unpaid wages for

15 work performed by them during their employment and at the end of their employment.

16     70.    As a result of the unlawful acts of Defendant, Plaintiff and Class Members have

17 been deprived of sick pay in amounts to be determined at trial, and are entitled to the recovery of

18 such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

19                    **FIFTH CAUSE OF ACTION**

20          **FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

21                    **(Against All Defendants)**

22     71.    Plaintiff incorporates and re-alleges each and every allegation contained above as

23 though fully set forth herein.

24     72.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members

25 for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As

26 a necessary part of employment, Plaintiff and on information and belief Class Members, were not

27 adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of

28 their personal cellphone usage and personal funds usage as described above, which was incurred

1    as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these

2    realities of the job, Defendants failed to provide reimbursements.

3         73.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or

4    implied, made by any employee to waive the benefits of this article or any part thereof is null and

5    void, and this article shall not deprive any employee or his or her personal representative of any

6    right or remedy to which he is entitled under the laws of this State.

7         74.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members

8    have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to

9    the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

10   pursuant to Labor Code § 2802.

11                              **SIXTH CAUSE OF ACTION**

12              **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.**

13                                **(Against All Defendants)**

14        75.    Plaintiff incorporates and re-alleges each and every allegation contained above as

15   though fully set forth herein.

16        76.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

17   unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

18   general public. Plaintiff seeks to enforce important rights affecting the public interest within the

19   meaning of the California Code of Civil Procedure §1021.5.

20        77.    Defendants' policies, activities, and actions as alleged herein, are violations of

21   California law and constitute unlawful business acts and practices in violation of California

22   Business and Professions Code §§17200, et seq.

23        78.    A violation of California Business and Professions Code §§17200, et seq., may be

24   predicated on the violation of any state or federal law. Defendants' policy of failing to accurately

25   pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide

26   accurate itemized wage statements and failing to accurately pay Plaintiff and Class Members sick

27   pay, violates Labor Code § 226, §246, §512, § 226.7, § 246, § 1194, § 2802, and applicable IWC

28   Wage Orders and California Code of Regulations.

79.     Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

80.     Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That Plaintiff be appointed as the representative of the Subclass; and

4.     That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1.     For compensatory damages equal to the unpaid balance of minimum wage compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

2.     For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3.     For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4.     For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1.     For statutory penalties pursuant to Labor Code §203;

2.     For interest for wages untimely paid; and

3.     For such other and further relief as the Court deems proper.

### On the Third Cause of Action

1.     For statutory penalties pursuant to Labor Code §226;

2.     For interest for wages untimely paid;

1    3.      For penalties pursuant to Labor Code §266.3; and

2    4.      For such other and further relief as the Court deems proper.

3                          On the Fourth Cause of Action

4    1.      For unpaid sick leave;

5    2.      For penalties pursuant to Labor Code § 203;

6    3.      For interest;

7    4.      For reasonable attorneys' fees and costs pursuant to statute; and

8    5.      For such other and further relief as the Court deems proper

9                          On the Fifth Cause of Action

10   1.      For statutory penalties pursuant to Labor Code §2802;

11   2.      For interest for wages untimely paid; and

12   3.      For such other and further relief as the Court deems proper.

13                         On the Sixth Cause of Action

14   1.      That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and

15   Class Members for their past failure to accurately pay overtime, failing to pay minimum wages,

16   failing to reimburse expenses, failing to accurately pay sick leave, failing to provide accurate

17   itemized wage statements;

18   2.      For pre-judgment interest on any unpaid wages due from the day that such amounts

19   were due;

20   3.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to

21   recover;

22   4.      For costs of suit incurred herein; and

23   5.      For such other and further relief as the Court deems proper.

24

25

26

27

28

Case 2:22-cv-03713-MEMF-RAO   Document 1-2   Filed 05/31/22   Page 22 of 186   Page ID
#:43

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff and members of the Class and Subclass request a jury trial in this matter.

3

4

5    Dated: February 28, 2022              JAMES HAWKINS APLC

6

7                                          By: _____

8                                          JAMES R. HAWKINS, ESQ.
                                           GREGORY MAURO, ESQ.
9                                          MICHAEL CALVO, ESQ.
                                           LAUREN FALK, ESQ.
10                                         AVA ISSARY, ESQ.
                                           Attorneys for Plaintiff DAVID YUREVICH
11                                         JR. individually and on behalf of all others
                                           similarly situated.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/28/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: J. Covarrubias Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV07221 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Kenneth R. Freeman | 14 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/01/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Covarrubias , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A, p. 25

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A, p. 26

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT )<br>— MANDATORY ELECTRONIC FILING )<br>FOR CIVIL )<br> )<br> )<br> )<br>———————————————————) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

  a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

  b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

  c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

  d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A, p. 28

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A, p. 30

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)   Any printed document required pursuant to a Standing or General Order;

      ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii)  Pleadings and motions that include points and authorities;

      iv)  Demurrers;

      v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)  Motions for Summary Judgment/Adjudication; and

      vii)  Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11)  SIGNATURES ON ELECTRONIC FILING

2         For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019                                    KEVIN C. BRAZILE
                                                                             Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 14

22STCV07221
DAVID YUREVICH JR. vs INTERSTATE-RIM
MANAGEMENT COMPANY, LLC, et al.

March 14, 2022
2:00 PM

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: B. Guerrero              ERM: None
Courtroom Assistant: C. Gomez                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

NATURE OF PROCEEDINGS: Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 06/03/2022 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

---

Minute Order                                                            Page 1 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**22STCV07221**                                                                March 14, 2022
**DAVID YUREVICH JR. vs INTERSTATE-RIM**                          2:00 PM
**MANAGEMENT COMPANY, LLC, et al.**

Judge: Honorable Kenneth R. Freeman            CSR: None
Judicial Assistant: B. Guerrero                     ERM: None
Courtroom Assistant: C. Gomez                   Deputy Sheriff: None

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

EXHIBIT A, p. 35

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**22STCV07221**                                          March 14, 2022
**DAVID YUREVICH JR. vs INTERSTATE-RIM**                       2:00 PM
**MANAGEMENT COMPANY, LLC, et al.**

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: B. Guerrero              ERM: None
Courtroom Assistant: C. Gomez                Deputy Sheriff: None

---

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

---

Minute Order                                            Page 3 of 3

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/14/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ B. Guerrero _____ Deputy |
| PLAINTIFF/PETITIONER:<br>DAVID YUREVICH JR. | |
| DEFENDANT/RESPONDENT:<br>Interstate-Rim Management Company, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV07221 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Regarding Newly Filed Class Action;) of 03/14/2022, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

James R. Hawkins
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, CA 92618

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/15/2022

By: _B. Guerrero_____
        Deputy Clerk

**CERTIFICATE OF MAILING**                    EXHIBIT A, p. 37

 **· Superior Court of California, County of Los Angeles**

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR)
> ## INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 14 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By: Berta Guerrero, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

DAVID YUREVICH JR

            Plaintiff,

     vs.

INTERSTATE-RIM MANAGEMENT
COMPANY, et al
           Defendants.

Case No. 22STCV07221
INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)

Case Assigned for All Purposes to
Judge Kenneth R. Freeman

Department:  14
Date:        June 3, 2022
Time:        10:00 a.m.

     Due to the pandemic and the urgent need to avoid court appearances, the parties MUST sign up with an e- service provider at least ten court days in advance of the Initial Status Conference and advise the Court, via email to sscdept14@lacourt.org, which provider was selected.

     This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program.  An Initial Status Conference is set for **June 3, 2022, at 10:00 a.m., in Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312 N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

     The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

INITIAL STATUS CONFERENCE ORDER

EXHIBIT A, p. 40

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement ten (10) court days ( **June 3, 2022 and provide a conformed courtesy copy DIRECTLY in Department 14**) before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

    **1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

    **2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named?

    **3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain.

    **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

    **5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

    **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

-2-

EXHIBIT A, p. 41

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

■ Early motions in limine,

■ Early motions about particular jury instructions,

■ Demurrers,

■ Motions to strike,

■ Motions for judgment on the pleadings, and

■ Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court

-3-

generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 14) prefers that the parties select:

■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

■ File & Serve Xpress (https://secure.fileandservexpress.com) or

---

[1] See California Rule of Court, Rule 3.768.

-4-

■ CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and

---

[2] California Rule of Court, Rule 3.770(a)

hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

Dated: 3-14-2022

KENNETH R. FREEMAN

_____
Judge Kenneth R. Freeman

-6-

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/14/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ B. Guerrero _____ Deputy |
| PLAINTIFF/PETITIONER:<br>DAVID YUREVICH JR. | |
| DEFENDANT/RESPONDENT:<br>Interstate-Rim Management Company, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV07221 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Regarding Newly Filed Class Action;) of 03/14/2022, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

James R. Hawkins
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, CA  92618

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/15/2022

By:  B. Guerrero
Deputy Clerk

**CERTIFICATE OF MAILING**                    EXHIBIT A, p. 46

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

EXHIBIT A, p. 48

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
     (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
         (TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
         (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____          ➢ _____
         (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____          ➢ _____
         (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3
EXHIBIT A, p. 51

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)



LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

EXHIBIT A, p. 52

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br>

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A, Page 53



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____

_____
JUDICIAL OFFICER

 

Clear

1
2
3
4
5
6

# FILED

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **FOR THE COUNTY OF LOS ANGELES**

9

10   General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
     Use of Voluntary Efficient Litigation  )    EXTENDING TIME TO RESPOND BY
11   Stipulations                       )    30 DAYS WHEN PARTIES AGREE
                                        )    TO EARLY ORGANIZATIONAL
12                                      )    MEETING STIPULATION
                                        )
13   _____ )

14

15          Whereas the Los Angeles Superior Court and the Executive Committee of the

16   Litigation Section of the Los Angeles County Bar Association have cooperated in

17   drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18   use in general jurisdiction civil litigation in Los Angeles County;

19          Whereas the Los Angeles County Bar Association Litigation Section; the Los

20   Angeles County Bar Association Labor and Employment Law Section; the Consumer

21   Attorneys Association of Los Angeles; the Association of Southern California Defense

22   Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

23   Employment Lawyers Association all "endorse the goal of promoting efficiency in

24   litigation, and ask that counsel consider using these stipulations as a voluntary way to

25

26   promote communications and procedures among counsel and with the court to fairly

27   resolve issues in their cases;"

28

-1-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A, p. 56

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2022 01:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JAMES HAWKINS APLC.; James R. Hawkins (#192925); Gregory Mauro (#222239)<br>Michael Calvo (#314986); Lauren Falk (# 316893); Ava Issary (#342252)<br>9880 Research Drive Suite 200 Irvine, CA 92816<br><br>TELEPHONE NO.: 949-387-7200    FAX NO. *(Optional)*: 949-387-6676<br>ATTORNEY FOR *(Name)*: David Yurevich JR | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME: David Yurevich Jr, individually and on behalf of all others similarly situated v.
Interstate-Rim Management Company, LLC, a Delaware Limited Liability Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV07221 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
          issues that will be time-consuming to resolve               courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence               court
                                                              f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 6
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 02/28/2022

Gregory Mauro, Esq.
_____                          _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                               **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A, p. 60

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER 22STCV07221 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:**

**Step 2:**

**Step 3:**

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4
EXHIBIT A, p. 62

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4
EXHIBIT A, p. 63

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER |
|---|---|

## Step 4: Statement of Reason and Address

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

## Step 5: Certification of Assignment:

Central

Dated: 02/28/2022

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
EXHIBIT A, p. 64

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/29/2022
CT Log Number 541493117

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Greg Moundas, Executive V.P. General Counsel<br>AIMBRIDGE HOSPITALITY LLC<br>5301 HEADQUARTERS DR<br>PLANO, TX 75024-6187 |
| **RE:** | **Process Served in California** |
| **FOR:** | Interstate Hotels & Resorts, Inc. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DAVID YUREVICH JR., individually and on behalf of all others similarly situated // To: Interstate Hotels & Resorts, Inc. |
| **CASE #:** | 22STCV07221 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/29/2022 at 01:32 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, KAREN KOVACH  karen.kovach@aimhosp.com |
| | Email Notification, Laura Vesely  laura.vesely@aimhosp.com |
| | Email Notification, Nicole Graves  nicole.graves@aimhosp.com |
| | Email Notification, Matt Dreyfuss  matthew.dreyfuss@aimhosp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A, p. 65



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Apr 29, 2022
**Server Name:**                   Douglas Forrest

| Entity Served | INTERSTATE HOTELS & RESORTS, INC. |
|---|---|
| Case Number | 22stcv07221 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2022 03:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Thomas,Deputy Clerk
22STCV07221

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* Interstate-Rim Management Company, a Delaware
Limited Liability Company operating at: Double Tree San Pedro; Interstate Hotels & Resorts,
Inc.; Aimbridge Hospitality, LLC, a Delaware Liability Company; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID YUREVICH JR., individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Site (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
111 North Hill St.
Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
22STCV07221

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; (949)387-7200

DATE: *(Fecha)* 04/19/2022    Sherri R. Carter Executive Officer / Clerk of Court    Clerk, by *(Secretario)* E. Thomas , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Interstate Hotels & Resorts Inc
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EXHIBIT A, p. 67

22STCV07221
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kenneth Freeman
Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2022 07:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias, Deputy Clerk

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff DAVID YUREVICH JR.,
Individually and on behalf of all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID YUREVICH JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE-RIM MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company operating at: DOUBLETREE SAN PEDRO; INTERSTATE HOTELS & RESORTS, INC.; AIMBRIDGE HOSPITALITY, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 22STCV07221<br><br>**CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382:**<br><br>1.   **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194**<br>2.   **Failure to Pay Timely Wages Required by Labor Code § 203**<br>3.   **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**<br>4.   **Failure to Accurately Record and Pay Sick Leave as Required by Labor Code § 246**<br>5.   **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802**<br>6.   **Violation of Business & Professions Code § 17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff DAVID YUREVICH JR. ("Plaintiff"), individually and on behalf of all others

2   similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby

3   files this Complaint against Defendants INTERSTATE – RIM MANAGEMENT COMPANY,

4   LLC, a Delaware Limited Liability company operating at: DOUBLETREE SAN PEDRO;

5   INTERSTATE HOTELS & RESORTS, INC.; AIMBRIDGE HOSPITALITY, LLC, a Delaware

6   Limited Liability Company; and DOES 1-50, inclusive (collectively "Defendants") and alleges on

7   information and belief as follows:

## I.   JURISDICTION AND VENUE

9    1.    This class action is brought pursuant to California Code of Civil Procedure §382.

10  The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits

11  of the California Superior Court and will be established according to proof at trial.

12    2.    This Court has jurisdiction over this action pursuant to the California Constitution

13  Article VI §10, which grants the California Superior Court original jurisdiction in all causes

14  except those given by statute to other courts. The statutes under which this action is brought do not

15  give jurisdiction to any other court.

16    3.    This Court has jurisdiction over Defendants because, upon information and belief,

17  each Defendant either has sufficient minimum contacts in California, or otherwise intentionally

18  avails itself of the California market so as to render the exercise of jurisdiction over it by the

19  California Courts consistent with traditional notions of fair play and substantial justice.

20    4.    The California Superior Court also has jurisdiction in this matter because the

21  individual claims of the members of the Classes herein are under the seventy-five thousand dollar

22  ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys'

23  fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of

24  2005. Further, there is no federal question at issue, as the issues herein are based solely on California

25  statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC")

26  and B&PC.

27    5.    Venue is proper in this Court because upon information and belief, one or more of

28  the Defendants, reside, transact business, or have offices in this County and/or the acts or

1  omissions alleged herein took place in this County.

2  ## II. PARTIES

3      6.    Plaintiff DAVID YUREVICH JR. was, at all times relevant to this action, a
4  resident of California. Plaintiff was employed by Defendants in approximately February 2016 as a
5  Non-Exempt Employee with the title of Concierge and then Front Desk and worked during the
6  liability period for Defendants until Plaintiff's separation from Defendants' employ in
7  approximately June 2021. Plaintiff's duties included but were not limited to: providing customer
8  service and assistance to guests, checking guests in, offering suggestions for food, administrative
9  paperwork, cleaning rooms, and filling in where needed.

10      7.    Defendants INTERSTATE – RIM MANAGEMENT COMPANY, LLC, a
11  Delaware Limited Liability company operating at: DOUBLETREE SAN PEDRO, INTERSTATE
12  HOTELS & RESORTS, INC.; and AIMBRIDGE HOSPITALITY, LLC, a Delaware Limited
13  Liability company, operates as a hotel and hospitality business. Plaintiff estimates there are in
14  excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last
15  year.

16      8.    Other than identified herein, Plaintiff is unaware of the true names, capacities,
17  relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as
18  DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are
19  legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by
20  such fictitious names. Plaintiff will amend this complaint when their true names and capacities are
21  ascertained.

22      9.    Plaintiff is informed and believes and thereon alleges that each defendant, directly
23  or indirectly, or through agents or other persons, employed Plaintiff and other members of the
24  Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed
25  and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as
26  the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects
27  pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

28

EXHIBIT A, p. 70

# III. <u>CLASS ACTION ALLEGATION</u>

10.     Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are defined as follows:

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

11.     Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who are or were employed by Defendants at any time between February 2021 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

> **Sub-Class 2:** All Class Members who have been employed by Defendants at any time between February 2019 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass").

> **Sub-Class 3:** All Class Members who are or were employed by Defendants and incurred business expenses as a result of the discharge of their duties (hereinafter collectively referred to as the "Reimbursement Subclass").

> **Sub-Class 4:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

12.     Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

13.     The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

14.     There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

15.     <u>Numerosity.</u> The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown

to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

16.    <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

       i.       Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

      ii.      Whether Defendants failed to accurately pay overtime to Plaintiff and Class Members;

      iii.     Whether Defendants failed to reimburse necessary business expense pursuant to Labor Code § 2802;

      iv.      Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226;

      v.       Whether Defendants failed to pay sick time using the proper regular rate pursuant to Labor Code section 246;

      vi.      Whether Defendants violated Business and Professions Code and Labor Code §§ 201-203, 246, 510, 512, 558, 226, 226.3, 226.7, 246, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

      vii.     Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.*

      viii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code §§ 558, 1194 and 1197.

17.    <u>Typicality</u>. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and

1 | caused by Defendants' common course of conduct in violation of California laws, regulations, and
2 | statutes as alleged herein.

3 |     18.   <u>Adequacy</u>. Plaintiff is qualified to, and will fairly and adequately protect the
4 | interests of each member of the Class and/or Subclass with whom she has a well defined
5 | community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an
6 | obligation to make known to the Court any relationships, conflicts, or differences with any
7 | member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class
8 | and Subclass are versed in the rules governing class action discovery, certification, litigation, and
9 | settlement and experienced in handling such matters. Other former and current employees of
10 | Defendants may also serve as representatives of the Class and Subclass if needed.

11 |     19.   <u>Superiority</u>. A class action is superior to other available means for the fair and
12 | efficient adjudication of the claims of the Class and would be beneficial for the parties and the
13 | court. Class action treatment will allow a large number of similarly situated persons to prosecute
14 | their common claims in a single forum, simultaneously, efficiently, and without the unnecessary
15 | duplication of effort and expense that numerous individual actions would require. The damages
16 | suffered by each Class member are relatively small in the sense pertinent to class action analysis,
17 | and the expense and burden of individual litigation would make it extremely difficult or
18 | impossible for the individual Class Members to seek and obtain individual relief. A class action
19 | will serve an important public interest by permitting such individuals to effectively pursue
20 | recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent
21 | or contradictory judgments raised by individual litigation.

22 |     20.   <u>Public Policy Considerations</u>: Employers in the state of California violate
23 | employment and labor laws every day. Current employees are often afraid to assert their rights out
24 | of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because
25 | they believe their former employers may damage their future endeavors through negative
26 | references and/or other means. The nature of this action allows for the protection of current and
27 | former employees' rights without fear or retaliation or damage.

28 |

## IV. FACTUAL ALLEGATIONS

21. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

22. Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

23. Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties related to Defendants' hotel business.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25. Plaintiff is informed and believes that during the relevant time frame, all Class Members are citizens of the state of California.

26. On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

27. During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

28. In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the employee's correct rate of pay per hour for overtime.

29. Defendants also failed to properly calculate Plaintiff's and the Class Members' regular rate of pay including but not limited to by failing to include all forms of compensation/remuneration in the regular rate including but not limited to bonuses, incentives, commissions, training and orientation pay, shift differential pay, and other compensation for overtime calculation purposes.

30.     In addition, upon information and belief, Plaintiff alleges that Defendants failed to pay sick leave pay to Plaintiff and the Class Members at the proper rate, as Defendants failed to factor all forms of compensation into the regular rate.

31.     Plaintiff are informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

32.     On information and belief, Defendants also required Plaintiff and Class Members to work off-the-clock. For instance, Plaintiff, and on information and belief Class Members, were required to use their personal cell phone to communicate with the manager and general manager via text message to discuss scheduling and other work-related issues. Defendants failed to include off-the-clock work performed after Plaintiff and Class Members clocked out for the day. During the relevant time frame, Plaintiff and Class Members were required to close the gate after clocking out on a daily basis. Lastly, Defendants failed to include off-the-clock work performed by Plaintiff and Class Members for the time spent cleaning the fingerprint scanner so they could accurately clock-in. Often times, the fingerprint scanner used to clock-in would be dirty and fail to function properly. Over time this resulted in an underpayment of minimum and overtime wages.

33.     Defendants also failed to reimburse Plaintiff and Class Members for business expenses incurred pursuant to Labor Code section 2802. For instance, Defendants did not reimburse Plaintiff and Class Members for use of personal cellphones to carry out their work-related duties while under the direction and control of Defendants. Plaintiff and on information and belief Class Members, were required to use their personal cell phones to communicate with Defendants' management. Plaintiff was forced to exchange text messages with the manager and/or general manager regarding scheduling and other work related issues for approximately five to ten minutes, approximately three (3) times per week. During work hours, every other day (daily during COVID-19), Plaintiff would text message with his managers from approximately 5:00 p.m. to 11:00 p.m. when he was left alone at the front desk. Although the front desk had a phone, managers would choose to send text messages to Plaintiff's personal cell phone. Lastly, on a daily

1   basis, Plaintiff and on information and belief Class Members, would take pictures on their
2   personal cell phones of guests' rooms to assess damage or items left in the room. Defendants
3   failed to reimburse Plaintiff and Class Members for personal cell phone use.

4        34.     Defendants failed to reimburse Plaintiff and Class Members for necessary business
5   expenses as it relates to the maintenance and upkeep of Defendants' uniforms pursuant to Labor
6   Code § 2802. Defendants required Plaintiff and Class Members to wear a suit as their work
7   uniform. Plaintiff was forced to purchase his suits, costing him at least $300. Additionally,
8   Plaintiff and Class Members were responsible for the maintenance of their uniforms and were
9   required to keep them clean and in professional condition. As a result, Plaintiff and Class
10  Members would spend time regularly laundering and caring for their uniforms. However, despite
11  these realities, Defendants failed to reimburse Plaintiff and Class Members for expenses resulting
12  from maintaining their uniforms. Defendants promised Plaintiff that they would reimburse him for
13  costs relating to purchasing suits, but Defendants failed to do so. Further, Plaintiff and Class
14  Members were forced to purchase their own COVID-19 protective gear, such as masks.
15  Defendants failed to reimburse Plaintiff and Class Members for these necessary business
16  expenditures.

17       35.     Defendants also failed to provide accurate, lawful itemized wage statements to
18  Plaintiff and the Class Members in part because of the above specified violations. In addition,
19  upon information and belief, Defendants omitted an accurate itemization of total hours worked,
20  including premiums due, overtime pay, gross pay and net pay figures from Plaintiff and the Class
21  Members ' wage statements.

22       36.     Plaintiff is informed and believes, and thereon alleges, that at all times herein
23  mentioned, Defendants knew that at the time of termination of employment (or within 72 hours
24  thereof for resignations without prior notice as the case may be) they had a duty to accurately
25  compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and
26  rest period premiums, and that Defendants had the financial ability to pay such compensation, but
27  willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-
28  specified violations.

37.   Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)   failing to pay overtime and minimum wages;

(b)   failing to provide accurate itemized wage statements;

(c)   failure to accurately pay sick pay;

(d)   failing to timely pay Plaintiff and Class Members ;

(e)   failure to reimburse business expenses; and

(f)   conducting and engaging in unfair business practices.

38.   In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

39.   Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES INCLUDING OVERTIME

### (Against All Defendants)

40.   Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

41.   At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

42.   At all relevant times, Labor Code §1197 provides that the minimum wage for

- 9 -
CLASS ACTION COMPLAINT

1  employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a

2  lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order

3  and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour

4  worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff

5  and Class Members' employment by Defendants provided that employees working for more than

6  eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation

7  at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight

8  (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve

9  (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

10     43.     At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons

11  acting individually as an officer, agent, or employee of another person, who pays or causes to be

12  paid to any employee a wage less than the minimum fixed by an applicable state or local law, or

13  by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated

14  damages payable to the employee, and any applicable penalties pursuant to Section 203.

15     44.     Labor Code §510 codifies the right to overtime compensation at the rate of one and

16  one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or

17  forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for

18  hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

19  seventh day of work in a particular work week.

20     45.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt

21  work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000,

22  et. seq. and the Labor Code.

23     46.     At all times relevant, Plaintiff and Class Members consistently worked in excess of

24  eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately

25  calculate overtime pay to Plaintiff and Class Members.

26     47.     At all times relevant, Plaintiff and Class Members consistently worked off-the-

27  clock, for duties performed while clocked-out, resulting in an inaccurate payment of minimum and

28  overtime wages to Plaintiff and Class Members.

48.     Defendants further failed to incorporate bonuses, shift differentials, and other remunerations into the employees' regular rates of pay for purposes of calculating overtime.

49.     At all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiff and Class Members.

50.     Accordingly, Defendants owe Plaintiff and Class Members minimum and overtime wages, and have failed to pay Plaintiff and Class Members their wages owed.

51.     Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY TIMELY PAY WAGES

#### (Against All Defendants)

52.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

53.     Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

54.     Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

55.     During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

56.     As a result, Defendants are liable to Plaintiff and members of the Non-Exempt

1    Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount

2    according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Against All Defendants)

6        57.    Plaintiff incorporates and re-alleges each and every allegation contained above as

7    though fully set forth herein.

8        58.    Section 226(a) states that An employer, semimonthly or at the time of each

9    payment of wages, shall furnish to his or her employee, either as a detachable part of the check,

10   draft, or voucher paying the employee's wages, or separately if wages are paid by personal check

11   or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

12   worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units

13   earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

14   deductions, provided that all deductions made on written orders of the employee may be

15   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

16   which the employee is paid, (7) the name of the employee and only the last four digits of his or her

17   social security number or an employee identification number other than a social security number,

18   (8) the name and address of the legal entity that is the employer.

19       59.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage

20   statements all deductions from payment of wages and to accurately report total hours worked by

21   Plaintiff and the Class including applicable hourly rates among other things. Defendants have

22   knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage

23   statements that have been provided to Plaintiff and the Class.

24       60.    IWC Wage Orders require Defendants to maintain time records showing, among

25   others, when the employee begins and ends each work period, meal periods, split shift intervals

26   and total daily hours worked in an itemized wage statement, and must show all deductions and

27   reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

28   the Class. On information and belief, Defendants have failed to record all or some of the items

- 12 -
CLASS ACTION COMPLAINT

1  delineated in Industrial Wage Orders and Labor Code §226.

2      61.     Defendants have failed to accurately record all time worked.

3      62.     Defendants have also failed to accurately record the meal and rest period premiums

4  owed and all wages owed per pay period.

5      63.     Plaintiff and the Class have been injured as they were unable to determine whether

6  they had been paid correctly for all hours worked per pay period among other things.

7      64.     Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a

8  maximum of $4,000 each for record keeping violations.

9      65.     Pursuant to Labor Code section 226.3, any employer who violates subdivision (a)

10 of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)

11 per employee per violation in an initial citation and one thousand dollars ($1,000) per employee

12 for each violation in a subsequent citation, for which the employer fails to provide the employee a

13 wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

## FOURTH CAUSE OF ACTION

### FAILURE TO ACCURATELY RECORD AND PAY SICK LEAVE

### (Against All Defendants)

17     66.     Plaintiff incorporates and re-alleges each and every allegation contained above as

18 though fully set forth herein.

19     67.     Labor Code Section 246(i) provides that: "an employer shall provide an employee

20 with written notice that sets forth the amount of paid sick leave available, or paid time off leave an

21 employer provides in lieu of sick leave, for use on either the employee's itemized wage statement

22 described in Section 226 or in a separate writing provided on the designated pay date with the

23 employee's payment of wages. If an employer provides unlimited paid sick leave or unlimited

24 paid time off to an employee, the employer may satisfy this section by indicating on the notice or

25 the employee's itemized wage statement 'unlimited.' The penalties described in this article for a

26 violation of this subdivision shall be in lieu of the penalties for a violation of Section 226."

27     68.     Labor Code § 246 provides that the employer shall calculate paid sick leave by

28 using one of two calculations: (1) "Paid sick time for nonexempt employees shall be calculated in

- 13 -

1   the same manner as the regular rate of pay for the workweek in which the employee uses paid sick
2   time, whether or not the employee actually works overtime in that workweek;" or (2) "Paid sick
3   time for nonexempt employees shall be calculated by dividing the employee's total wages, not
4   including overtime premium pay, by the employee's total hours worked in the full pay periods of
5   the prior 90 days of employment."

6          69.     Whenever Defendants paid Plaintiff and Class Members sick time pursuant to
7   California Labor Code § 246, Defendant did so at the incorrect rate of pay. Defendants paid
8   Plaintiff and the Class Members at the incorrect rate of pay and/or base hourly rate of pay, as
9   opposed to the regular rate of pay, which would take into account all night premiums and/or shift
10  differentials, or by dividing the employees' total wages, not including overtime premium pay, by
11  the employees' total hours worked in the full pay periods of the prior 90 days of employment, as
12  required by Labor Code § 246. This resulted in the employees being underpaid for sick time, and
13  resulted in violations of California Labor Code §§ 201, 202, and 203, and other derivative Labor
14  Code violations, because Defendant did not pay, or timely pay, Plaintiff and the unpaid wages for
15  work performed by them during their employment and at the end of their employment.

16         70.     As a result of the unlawful acts of Defendant, Plaintiff and Class Members have
17  been deprived of sick pay in amounts to be determined at trial, and are entitled to the recovery of
18  such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

19                              **FIFTH CAUSE OF ACTION**

20            **FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

21                             **(Against All Defendants)**

22         71.     Plaintiff incorporates and re-alleges each and every allegation contained above as
23  though fully set forth herein.

24         72.     Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members
25  for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As
26  a necessary part of employment, Plaintiff and on information and belief Class Members, were not
27  adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of
28  their personal cellphone usage and personal funds usage as described above, which was incurred

EXHIBIT A, p. 82

1  as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these
2  realities of the job, Defendants failed to provide reimbursements.

3       73.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or
4  implied, made by any employee to waive the benefits of this article or any part thereof is null and
5  void, and this article shall not deprive any employee or his or her personal representative of any
6  right or remedy to which he is entitled under the laws of this State.

7       74.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members
8  have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to
9  the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,
10  pursuant to Labor Code § 2802.

11                          **SIXTH CAUSE OF ACTION**

12          **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.**

13                          **(Against All Defendants)**

14       75.    Plaintiff incorporates and re-alleges each and every allegation contained above as
15  though fully set forth herein.

16       76.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,
17  unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the
18  general public. Plaintiff seeks to enforce important rights affecting the public interest within the
19  meaning of the California Code of Civil Procedure §1021.5.

20       77.    Defendants' policies, activities, and actions as alleged herein, are violations of
21  California law and constitute unlawful business acts and practices in violation of California
22  Business and Professions Code §§17200, et seq.

23       78.    A violation of California Business and Professions Code §§17200, et seq., may be
24  predicated on the violation of any state or federal law. Defendants' policy of failing to accurately
25  pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide
26  accurate itemized wage statements and failing to accurately pay Plaintiff and Class Members sick
27  pay, violates Labor Code § 226, §246, §512, § 226.7, § 246, § 1194, § 2802, and applicable IWC
28  Wage Orders and California Code of Regulations.

1    79.    Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

80.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That Plaintiff be appointed as the representative of the Subclass; and

4.    That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1.    For compensatory damages equal to the unpaid balance of minimum wage compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

2.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4.    For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1.    For statutory penalties pursuant to Labor Code §203;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

### On the Third Cause of Action

1.    For statutory penalties pursuant to Labor Code §226;

2.    For interest for wages untimely paid;

EXHIBIT A, p. 84

1    3.      For penalties pursuant to Labor Code §266.3; and

2    4.      For such other and further relief as the Court deems proper.

3                              On the Fourth Cause of Action

4    1.      For unpaid sick leave;

5    2.      For penalties pursuant to Labor Code § 203;

6    3.      For interest;

7    4.      For reasonable attorneys' fees and costs pursuant to statute; and

8    5.      For such other and further relief as the Court deems proper

9                              On the Fifth Cause of Action

10   1.      For statutory penalties pursuant to Labor Code §2802;

11   2.      For interest for wages untimely paid; and

12   3.      For such other and further relief as the Court deems proper.

13                             On the Sixth Cause of Action

14   1.      That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and
15   Class Members for their past failure to accurately pay overtime, failing to pay minimum wages,
16   failing to reimburse expenses, failing to accurately pay sick leave, failing to provide accurate
17   itemized wage statements;

18   2.      For pre-judgment interest on any unpaid wages due from the day that such amounts
19   were due;

20   3.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to
21   recover;

22   4.      For costs of suit incurred herein; and

23   5.      For such other and further relief as the Court deems proper.

24

25

26

27

28

- 17 -
CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: February 28, 2022                    JAMES HAWKINS APLC

By: _____

JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
LAUREN FALK, ESQ.
AVA ISSARY, ESQ.
Attorneys for Plaintiff DAVID YUREVICH
JR. individually and on behalf of all others
similarly situated.

- 18 -

CLASS ACTION COMPLAINT

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/28/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Covarrubias _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV07221 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Kenneth R. Freeman | 14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 03/01/2022
   (Date)

By J. Covarrubias _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A, p. 87

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

1

2

3

4

5                SUPERIOR COURT OF THE STATE OF CALIFORNIA

6                     FOR THE COUNTY OF LOS ANGELES

7

8   IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
    — MANDATORY ELECTRONIC FILING   )
9   FOR CIVIL                        )
                                     )
10                                   )
                                     )
11  _____ )

12          On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13   documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14   Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15   Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16   All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17   following:

18   1) DEFINITIONS

19       a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

20           quickly locate and navigate to a designated point of interest within a document.

21       b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

22           portal, that gives litigants access to the approved Electronic Filing Service Providers.

23       c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission

24           of documents to the Court for processing which may contain one or more PDF documents

25           attached.

26       d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

27           document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A, p. 92

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A, p. 93

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019

    KEVIN C. BRAZILE
    Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**22STCV07221**
**DAVID YUREVICH JR. vs INTERSTATE-RIM**
**MANAGEMENT COMPANY, LLC, et al.**

March 14, 2022
2:00 PM

Judge: Honorable Kenneth R. Freeman
Judicial Assistant: B. Guerrero
Courtroom Assistant: C. Gomez

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 06/03/2022 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

---

Minute Order                                           Page 1 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Civil Division

### Central District, Spring Street Courthouse, Department 14

| | |
|---|---|
| **22STCV07221** | March 14, 2022 |
| **DAVID YUREVICH JR. vs INTERSTATE-RIM** | 2:00 PM |
| **MANAGEMENT COMPANY, LLC, et al.** | |

| | |
|---|---|
| Judge: Honorable Kenneth R. Freeman | CSR: None |
| Judicial Assistant: B. Guerrero | ERM: None |
| Courtroom Assistant: C. Gomez | Deputy Sheriff: None |

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

| | |
|---|---|
| Minute Order | Page 2 of 3 |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**22STCV07221**                                                        March 14, 2022
**DAVID YUREVICH JR. vs INTERSTATE-RIM**                                      2:00 PM
**MANAGEMENT COMPANY, LLC, et al.**

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: B. Guerrero              ERM: None
Courtroom Assistant: C. Gomez                Deputy Sheriff: None

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

EXHIBIT A, p. 98

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/14/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ B. Guerrero _____ Deputy |
| PLAINTIFF/PETITIONER:<br>DAVID YUREVICH JR. | |
| DEFENDANT/RESPONDENT:<br>Interstate-Rim Management Company, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV07221 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Regarding Newly Filed Class Action;) of 03/14/2022, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


James R. Hawkins
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, CA  92618


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/15/2022

By:  B. Guerrero
      Deputy Clerk


**CERTIFICATE OF MAILING**                          EXHIBIT A, p. 99

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

1
2
3
4
5
6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 14 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By: Berta Guerrero, Deputy

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       COUNTY OF LOS ANGELES

9                           CENTRAL DISTRICT

| | |
|---|---|
| 10  DAVID YUREVICH JR | Case No. 22STCV07221 |
| 11              Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| 12      vs. | Case Assigned for All Purposes to |
| 13  INTERSTATE-RIM MANAGEMENT | Judge Kenneth R. Freeman |
| 14  COMPANY, et al | Department:  14 |
| 15              Defendants. | Date:      June 3, 2022 |
| | Time:      10:00 a.m. |

16

17          Due to the pandemic and the urgent need to avoid court appearances, the parties MUST

18  sign up with an e- service provider at least ten court days in advance of the Initial Status

19  Conference and advise the Court, via email to sscdept14@lacourt.org, which provider was

20  selected.

21          This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

22  Litigation Program.  An Initial Status Conference is set for **June 3, 2022, at 10:00 a.m., in**

23  **Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312

24  N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

25

26          The Court orders counsel to prepare for the Initial Status Conference by identifying and

27  discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

28

---

INITIAL STATUS CONFERENCE ORDER

EXHIBIT A, p. 102

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement ten (10) court days ( **June 3, 2022 and provide a conformed courtesy copy DIRECTLY in Department 14**) before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

-2-

EXHIBIT A, p. 103

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

- ■ Early motions in limine,

- ■ Early motions about particular jury instructions,

- ■ Demurrers,

- ■ Motions to strike,

- ■ Motions for judgment on the pleadings, and

- ■ Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.   The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court

-3-

generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12. INSURANCE COVERAGE:**  Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 14) prefers that the parties select:

■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

■ File & Serve Xpress (https://secure.fileandservexpress.com) or

---

[1] See California Rule of Court, Rule 3.768.

-4-

EXHIBIT A, p. 105

■ CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and

---

[2] California Rule of Court, Rule 3.770(a)

-5-

1   hearings on procedural and substantive challenges to the complaint and other issues that may

2   assist in the orderly management of these cases.  This stay shall not preclude the parties from

3   informally exchanging documents that may assist in their initial evaluation of the issues presented

4   in this case, however shall stay all outstanding discovery requests.

5

6       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

7   counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

8   service of this order. If any defendant has not been served in this action, service is to be completed

9   within twenty (20) days of the date of this order.

10      Dated:  3-14. 2022

11

12                     **KENNETH R. FREEMAN**

13                     Judge Kenneth R. Freeman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

INITIAL STATUS CONFERENCE ORDER

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
DAVID YUREVICH JR.

DEFENDANT/RESPONDENT:
Interstate-Rim Management Company, LLC et al

### CERTIFICATE OF MAILING

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
03/14/2022
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ B. Guerrero _____ Deputy

CASE NUMBER:
22STCV07221

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Regarding Newly Filed Class Action;) of 03/14/2022, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

James R. Hawkins
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, CA  92618

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/15/2022

By:  B. Guerrero
Deputy Clerk

**CERTIFICATE OF MAILING**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span style="font-size:smaller">(INSERT DATE)</span>        <span style="font-size:smaller">(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A, p. 113

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

 
Clear

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT A, p. 114

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)





EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____          _____
                                                                      JUDICIAL OFFICER

    Clear

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

1
2
3
4
5
6

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

7
8
9

| General Order Re Use of Voluntary Efficient Litigation Stipulations | ) ) ) ) ) ) ) | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |
|---|---|---|

10
11
12
13

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1   Whereas the Early Organizational Meeting Stipulation is intended to encourage

2   cooperation among the parties at an early stage in litigation in order to achieve

3   litigation efficiencies;

4   Whereas it is intended that use of the Early Organizational Meeting Stipulation

5   will promote economic case resolution and judicial efficiency;

6

7   Whereas, in order to promote a meaningful discussion of pleading issues at the

8   Early Organizational Meeting and potentially to reduce the need for motions to

9   challenge the pleadings, it is necessary to allow additional time to conduct the Early

10   Organizational Meeting before the time to respond to a complaint or cross complaint

11   has expired;

12

13   Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in

14   which an action is pending to extend for not more than 30 days the time to respond to

15   a pleading "upon good cause shown";

16   Now, therefore, this Court hereby finds that there is good cause to extend for 30

17   days the time to respond to a complaint or to a cross complaint in any action in which

18   the parties have entered into the Early Organizational Meeting Stipulation.  This finding

19   of good cause is based on the anticipated judicial efficiency and benefits of economic

20   case resolution that the Early Organizational Meeting Stipulation is intended to

21   promote.

22

23   IT IS HEREBY ORDERED that, in any case in which the parties have entered

24   into an Early Organizational Meeting Stipulation, the time for a defending party to

25   respond to a complaint or cross complaint shall be extended by the 30 days permitted

26

27

28

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>JAMES HAWKINS APLC.; James R. Hawkins (#192925); Gregory Mauro (#222239)<br>Michael Calvo (#314986); Lauren Falk (# 316893); Ava Issary (#342252)<br>9880 Research Drive Suite 200 Irvine, CA 92616 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: 949-387-7200    FAX NO. *(Optional):* 949-387-6676

ATTORNEY FOR *(Name):* David Yurevich JR

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, 90012

BRANCH NAME: Stanley Mosk

CASE NAME: David Yurevich Jr, individually and on behalf of all others similarly situated v.
Interstate-Rim Management Company, LLC, a Delaware Limited Liability Company, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV07221 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* 6

5. This case [x] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/28/2022

Gregory Mauro, Esq.
_____
(TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                      **CIVIL CASE COVER SHEET**                      Page 2 of 2

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER 22STCV07221 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:**

**Step 2:**

**Step 3:**

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LASC CIV 109 Rev. 12/18 | CIVIL CASE COVER SHEET ADDENDUM | Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | Page 1 of 4 |

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4
EXHIBIT A, p. 124

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER |
|---|---|

## Step 4: Statement of Reason and Address

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

## Step 5: Certification of Assignment:

Central

Dated: 02/28/2022

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
EXHIBIT A, p. 126

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/29/2022
CT Log Number 541493079

## Service of Process Transmittal Summary

**TO:**   Greg Moundas, Executive V.P. General Counsel
AIMBRIDGE HOSPITALITY LLC
5301 HEADQUARTERS DR
PLANO, TX 75024-6187

**RE:**   **Process Served in California**

**FOR:**   Aimbridge Hospitality, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DAVID YUREVICH JR., individually and on behalf of all others similarly situated // To: Aimbridge Hospitality, LLC |
| **CASE #:** | 22STCV07221 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/29/2022 at 01:32 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  KAREN KOVACH  karen.kovach@aimhosp.com |
| | Email Notification,  Laura Vesely  laura.vesely@aimhosp.com |
| | Email Notification,  Nicole Graves  nicole.graves@aimhosp.com |
| | Email Notification,  Matt Dreyfuss  matthew.dreyfuss@aimhosp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A, p. 127



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Fri, Apr 29, 2022
**Server Name:**             Douglas Forrest

| Entity Served | AIMBRIDGE HOSPITALITY, LLC |
|---|---|
| Case Number | 22stcv07221 |
| Jurisdiction | CA |

| Inserts |
|---|
| | |



Electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2022 03:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Thomas,Deputy Clerk
22STCV07221

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* Interstate-Rim Management Company, a Delaware
Limited Liability Company operating at: Double Tree San Pedro; Interstate Hotels & Resorts,
Inc.; Aimbridge Hospitality, LLC, a Delaware Liability Company; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID YUREVICH JR., individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante una acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Los Angeles Superior Court | 22STCV07221 |
| 111 North Hill St. | |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; (949)387-7200

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* 04/19/2022 | Sherri R. Carter Executive Officer / Clerk of Court | *(Secretario)* | E. Thomas | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Ambridge Hospitality LLC a Delaware Limited Liability Company

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☑ other *(specify):* LLC
4. ☑ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | **SUMMONS** | *www.courts.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

EXHIBIT A, p. 129

22STCV07221

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kenneth Freeman
Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2022 07:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff DAVID YUREVICH JR.,
Individually and on behalf of all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID YUREVICH JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE-RIM MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company operating at: DOUBLETREE SAN PEDRO; INTERSTATE HOTELS & RESORTS, INC.; AIMBRIDGE HOSPITALITY, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 22STCV07221<br><br>**CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382:**<br><br>1. **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194**<br>2. **Failure to Pay Timely Wages Required by Labor Code § 203**<br>3. **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**<br>4. **Failure to Accurately Record and Pay Sick Leave as Required by Labor Code § 246**<br>5. **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802**<br>6. **Violation of Business & Professions Code § 17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

1       Plaintiff DAVID YUREVICH JR. ("Plaintiff"), individually and on behalf of all others

2 similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby

3 files this Complaint against Defendants INTERSTATE – RIM MANAGEMENT COMPANY,

4 LLC, a Delaware Limited Liability company operating at: DOUBLETREE SAN PEDRO;

5 INTERSTATE HOTELS & RESORTS, INC.; AIMBRIDGE HOSPITALITY, LLC, a Delaware

6 Limited Liability Company; and DOES 1-50, inclusive (collectively "Defendants") and alleges on

7 information and belief as follows:

8                             **I.   JURISDICTION AND VENUE**

9      1.     This class action is brought pursuant to California Code of Civil Procedure §382.

10 The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits

11 of the California Superior Court and will be established according to proof at trial.

12      2.    This Court has jurisdiction over this action pursuant to the California Constitution

13 Article VI §10, which grants the California Superior Court original jurisdiction in all causes

14 except those given by statute to other courts. The statutes under which this action is brought do not

15 give jurisdiction to any other court.

16      3.     This Court has jurisdiction over Defendants because, upon information and belief,

17 each Defendant either has sufficient minimum contacts in California, or otherwise intentionally

18 avails itself of the California market so as to render the exercise of jurisdiction over it by the

19 California Courts consistent with traditional notions of fair play and substantial justice.

20      4.     The California Superior Court also has jurisdiction in this matter because the

21 individual claims of the members of the Classes herein are under the seventy-five thousand dollar

22 ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys'

23 fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of

24 2005. Further, there is no federal question at issue, as the issues herein are based solely on California

25 statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC")

26 and B&PC.

27      5.     Venue is proper in this Court because upon information and belief, one or more of

28 the Defendants, reside, transact business, or have offices in this County and/or the acts or

1    omissions alleged herein took place in this County.

2                                   **II. PARTIES**

3        6.      Plaintiff DAVID YUREVICH JR. was, at all times relevant to this action, a

4    resident of California. Plaintiff was employed by Defendants in approximately February 2016 as a

5    Non-Exempt Employee with the title of Concierge and then Front Desk and worked during the

6    liability period for Defendants until Plaintiff's separation from Defendants' employ in

7    approximately June 2021. Plaintiff's duties included but were not limited to: providing customer

8    service and assistance to guests, checking guests in, offering suggestions for food, administrative

9    paperwork, cleaning rooms, and filling in where needed.

10       7.      Defendants INTERSTATE – RIM MANAGEMENT COMPANY, LLC, a

11   Delaware Limited Liability company operating at: DOUBLETREE SAN PEDRO, INTERSTATE

12   HOTELS & RESORTS, INC.; and AIMBRIDGE HOSPITALITY, LLC, a Delaware Limited

13   Liability company, operates as a hotel and hospitality business. Plaintiff estimates there are in

14   excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last

15   year.

16       8.      Other than identified herein, Plaintiff is unaware of the true names, capacities,

17   relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as

18   DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are

19   legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by

20   such fictitious names. Plaintiff will amend this complaint when their true names and capacities are

21   ascertained.

22       9.      Plaintiff is informed and believes and thereon alleges that each defendant, directly

23   or indirectly, or through agents or other persons, employed Plaintiff and other members of the

24   Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed

25   and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as

26   the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects

27   pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

28

# III. CLASS ACTION ALLEGATION

10.     Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382. The members of the Class are defined as follows:

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

11.     Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who are or were employed by Defendants at any time between February 2021 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

> **Sub-Class 2:** All Class Members who have been employed by Defendants at any time between February 2019 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass").

> **Sub-Class 3:** All Class Members who are or were employed by Defendants and incurred business expenses as a result of the discharge of their duties (hereinafter collectively referred to as the "Reimbursement Subclass").

> **Sub-Class 4:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

12.     Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

13.     The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

14.     There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

15.     <u>Numerosity.</u> The members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown

- 3 -

to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

16.   <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

i.   Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii.   Whether Defendants failed to accurately pay overtime to Plaintiff and Class Members;

iii.   Whether Defendants failed to reimburse necessary business expense pursuant to Labor Code § 2802;

iv.   Whether Defendants provided accurate itemized wage statements pursuant to Labor Code section 226;

v.   Whether Defendants failed to pay sick time using the proper regular rate pursuant to Labor Code section 246;

vi.   Whether Defendants violated Business and Professions Code and Labor Code §§ 201-203, 246, 510, 512, 558, 226, 226.3, 226.7, 246, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

vii.   Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, *et. seq.*

viii.   Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code §§ 558, 1194 and 1197.

17.   <u>Typicality</u>. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and

1  caused by Defendants' common course of conduct in violation of California laws, regulations, and

2  statutes as alleged herein.

3       18.    Adequacy. Plaintiff is qualified to, and will fairly and adequately protect the

4  interests of each member of the Class and/or Subclass with whom she has a well defined

5  community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an

6  obligation to make known to the Court any relationships, conflicts, or differences with any

7  member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class

8  and Subclass are versed in the rules governing class action discovery, certification, litigation, and

9  settlement and experienced in handling such matters. Other former and current employees of

10  Defendants may also serve as representatives of the Class and Subclass if needed.

11      19.    Superiority. A class action is superior to other available means for the fair and

12  efficient adjudication of the claims of the Class and would be beneficial for the parties and the

13  court. Class action treatment will allow a large number of similarly situated persons to prosecute

14  their common claims in a single forum, simultaneously, efficiently, and without the unnecessary

15  duplication of effort and expense that numerous individual actions would require. The damages

16  suffered by each Class member are relatively small in the sense pertinent to class action analysis,

17  and the expense and burden of individual litigation would make it extremely difficult or

18  impossible for the individual Class Members to seek and obtain individual relief. A class action

19  will serve an important public interest by permitting such individuals to effectively pursue

20  recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent

21  or contradictory judgments raised by individual litigation.

22      20.    Public Policy Considerations: Employers in the state of California violate

23  employment and labor laws every day. Current employees are often afraid to assert their rights out

24  of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because

25  they believe their former employers may damage their future endeavors through negative

26  references and/or other means. The nature of this action allows for the protection of current and

27  former employees' rights without fear or retaliation or damage.

28

## IV. **FACTUAL ALLEGATIONS**

21.    At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

22.    Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

23.    Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties related to Defendants' hotel business.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25.    Plaintiff is informed and believes that during the relevant time frame, all Class Members are citizens of the state of California.

26.    On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

27.    During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

28.    In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the employee's correct rate of pay per hour for overtime.

29.    Defendants also failed to properly calculate Plaintiff's and the Class Members' regular rate of pay including but not limited to by failing to include all forms of compensation/remuneration in the regular rate including but not limited to bonuses, incentives, commissions, training and orientation pay, shift differential pay, and other compensation for overtime calculation purposes.

30.    In addition, upon information and belief, Plaintiff alleges that Defendants failed to pay sick leave pay to Plaintiff and the Class Members at the proper rate, as Defendants failed to factor all forms of compensation into the regular rate.

31.    Plaintiff are informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

32.    On information and belief, Defendants also required Plaintiff and Class Members to work off-the-clock. For instance, Plaintiff, and on information and belief Class Members, were required to use their personal cell phone to communicate with the manager and general manager via text message to discuss scheduling and other work-related issues. Defendants failed to include off-the-clock work performed after Plaintiff and Class Members clocked out for the day. During the relevant time frame, Plaintiff and Class Members were required to close the gate after clocking out on a daily basis. Lastly, Defendants failed to include off-the-clock work performed by Plaintiff and Class Members for the time spent cleaning the fingerprint scanner so they could accurately clock-in. Often times, the fingerprint scanner used to clock-in would be dirty and fail to function properly. Over time this resulted in an underpayment of minimum and overtime wages.

33.    Defendants also failed to reimburse Plaintiff and Class Members for business expenses incurred pursuant to Labor Code section 2802. For instance, Defendants did not reimburse Plaintiff and Class Members for use of personal cellphones to carry out their work-related duties while under the direction and control of Defendants. Plaintiff and on information and belief Class Members, were required to use their personal cell phones to communicate with Defendants' management. Plaintiff was forced to exchange text messages with the manager and/or general manager regarding scheduling and other work related issues for approximately five to ten minutes, approximately three (3) times per week. During work hours, every other day (daily during COVID-19), Plaintiff would text message with his managers from approximately 5:00 p.m. to 11:00 p.m. when he was left alone at the front desk. Although the front desk had a phone, managers would choose to send text messages to Plaintiff's personal cell phone. Lastly, on a daily

1  basis, Plaintiff and on information and belief Class Members, would take pictures on their

2  personal cell phones of guests' rooms to assess damage or items left in the room. Defendants

3  failed to reimburse Plaintiff and Class Members for personal cell phone use.

4    34.    Defendants failed to reimburse Plaintiff and Class Members for necessary business

5  expenses as it relates to the maintenance and upkeep of Defendants' uniforms pursuant to Labor

6  Code § 2802. Defendants required Plaintiff and Class Members to wear a suit as their work

7  uniform. Plaintiff was forced to purchase his suits, costing him at least $300. Additionally,

8  Plaintiff and Class Members were responsible for the maintenance of their uniforms and were

9  required to keep them clean and in professional condition. As a result, Plaintiff and Class

10  Members would spend time regularly laundering and caring for their uniforms. However, despite

11  these realities, Defendants failed to reimburse Plaintiff and Class Members for expenses resulting

12  from maintaining their uniforms. Defendants promised Plaintiff that they would reimburse him for

13  costs relating to purchasing suits, but Defendants failed to do so. Further, Plaintiff and Class

14  Members were forced to purchase their own COVID-19 protective gear, such as masks.

15  Defendants failed to reimburse Plaintiff and Class Members for these necessary business

16  expenditures.

17    35.    Defendants also failed to provide accurate, lawful itemized wage statements to

18  Plaintiff and the Class Members in part because of the above specified violations. In addition,

19  upon information and belief, Defendants omitted an accurate itemization of total hours worked,

20  including premiums due, overtime pay, gross pay and net pay figures from Plaintiff and the Class

21  Members ' wage statements.

22    36.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

23  mentioned, Defendants knew that at the time of termination of employment (or within 72 hours

24  thereof for resignations without prior notice as the case may be) they had a duty to accurately

25  compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and

26  rest period premiums, and that Defendants had the financial ability to pay such compensation, but

27  willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-

28  specified violations.

37.     Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)     failing to pay overtime and minimum wages;

(b)     failing to provide accurate itemized wage statements;

(c)     failure to accurately pay sick pay;

(d)     failing to timely pay Plaintiff and Class Members ;

(e)     failure to reimburse business expenses; and

(f)     conducting and engaging in unfair business practices.

38.     In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

39.     Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq.*

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES INCLUDING OVERTIME

### (Against All Defendants)

40.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

41.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

42.     At all relevant times, Labor Code §1197 provides that the minimum wage for

- 9 -

CLASS ACTION COMPLAINT

1  employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a

2  lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order

3  and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour

4  worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff

5  and Class Members' employment by Defendants provided that employees working for more than

6  eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation

7  at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight

8  (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve

9  (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

10      43.      At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons

11  acting individually as an officer, agent, or employee of another person, who pays or causes to be

12  paid to any employee a wage less than the minimum fixed by an applicable state or local law, or

13  by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated

14  damages payable to the employee, and any applicable penalties pursuant to Section 203.

15      44.      Labor Code §510 codifies the right to overtime compensation at the rate of one and

16  one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or

17  forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for

18  hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

19  seventh day of work in a particular work week.

20      45.      At all times relevant, Plaintiff and Class Members regularly performed non-exempt

21  work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000,

22  et. seq. and the Labor Code.

23      46.      At all times relevant, Plaintiff and Class Members consistently worked in excess of

24  eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately

25  calculate overtime pay to Plaintiff and Class Members.

26      47.      At all times relevant, Plaintiff and Class Members consistently worked off-the-

27  clock, for duties performed while clocked-out, resulting in an inaccurate payment of minimum and

28  overtime wages to Plaintiff and Class Members.

48.     Defendants further failed to incorporate bonuses, shift differentials, and other remunerations into the employees' regular rates of pay for purposes of calculating overtime.

49.     At all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiff and Class Members.

50.     Accordingly, Defendants owe Plaintiff and Class Members minimum and overtime wages, and have failed to pay Plaintiff and Class Members their wages owed.

51.     Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY TIMELY PAY WAGES

**(Against All Defendants)**

52.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

53.     Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

54.     Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

55.     During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

56.     As a result, Defendants are liable to Plaintiff and members of the Non-Exempt

- 11 -

1   Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount

2   according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Against All Defendants)

6      57.    Plaintiff incorporates and re-alleges each and every allegation contained above as

7   though fully set forth herein.

8      58.    Section 226(a) states that An employer, semimonthly or at the time of each

9   payment of wages, shall furnish to his or her employee, either as a detachable part of the check,

10   draft, or voucher paying the employee's wages, or separately if wages are paid by personal check

11   or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

12   worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units

13   earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

14   deductions, provided that all deductions made on written orders of the employee may be

15   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

16   which the employee is paid, (7) the name of the employee and only the last four digits of his or her

17   social security number or an employee identification number other than a social security number,

18   (8) the name and address of the legal entity that is the employer.

19      59.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage

20   statements all deductions from payment of wages and to accurately report total hours worked by

21   Plaintiff and the Class including applicable hourly rates among other things. Defendants have

22   knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage

23   statements that have been provided to Plaintiff and the Class.

24      60.    IWC Wage Orders require Defendants to maintain time records showing, among

25   others, when the employee begins and ends each work period, meal periods, split shift intervals

26   and total daily hours worked in an itemized wage statement, and must show all deductions and

27   reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

28   the Class. On information and belief, Defendants have failed to record all or some of the items

- 12 -

CLASS ACTION COMPLAINT

1  delineated in Industrial Wage Orders and Labor Code §226.

2       61.   Defendants have failed to accurately record all time worked.

3       62.   Defendants have also failed to accurately record the meal and rest period premiums

4  owed and all wages owed per pay period.

5       63.   Plaintiff and the Class have been injured as they were unable to determine whether

6  they had been paid correctly for all hours worked per pay period among other things.

7       64.   Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a

8  maximum of $4,000 each for record keeping violations.

9       65.   Pursuant to Labor Code section 226.3, any employer who violates subdivision (a)

10  of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)

11  per employee per violation in an initial citation and one thousand dollars ($1,000) per employee

12  for each violation in a subsequent citation, for which the employer fails to provide the employee a

13  wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

14                    **FOURTH CAUSE OF ACTION**

15       **FAILURE TO ACCURATELY RECORD AND PAY SICK LEAVE**

16                    **(Against All Defendants)**

17       66.   Plaintiff incorporates and re-alleges each and every allegation contained above as

18  though fully set forth herein.

19       67.   Labor Code Section 246(i) provides that: "an employer shall provide an employee

20  with written notice that sets forth the amount of paid sick leave available, or paid time off leave an

21  employer provides in lieu of sick leave, for use on either the employee's itemized wage statement

22  described in Section 226 or in a separate writing provided on the designated pay date with the

23  employee's payment of wages. If an employer provides unlimited paid sick leave or unlimited

24  paid time off to an employee, the employer may satisfy this section by indicating on the notice or

25  the employee's itemized wage statement 'unlimited.' The penalties described in this article for a

26  violation of this subdivision shall be in lieu of the penalties for a violation of Section 226."

27       68.   Labor Code § 246 provides that the employer shall calculate paid sick leave by

28  using one of two calculations: (1) "Paid sick time for nonexempt employees shall be calculated in

1    the same manner as the regular rate of pay for the workweek in which the employee uses paid sick

2    time, whether or not the employee actually works overtime in that workweek;" or (2) "Paid sick

3    time for nonexempt employees shall be calculated by dividing the employee's total wages, not

4    including overtime premium pay, by the employee's total hours worked in the full pay periods of

5    the prior 90 days of employment."

6         69.    Whenever Defendants paid Plaintiff and Class Members sick time pursuant to

7    California Labor Code § 246, Defendant did so at the incorrect rate of pay. Defendants paid

8    Plaintiff and the Class Members at the incorrect rate of pay and/or base hourly rate of pay, as

9    opposed to the regular rate of pay, which would take into account all night premiums and/or shift

10   differentials, or by dividing the employees' total wages, not including overtime premium pay, by

11   the employees' total hours worked in the full pay periods of the prior 90 days of employment, as

12   required by Labor Code § 246. This resulted in the employees being underpaid for sick time, and

13   resulted in violations of California Labor Code §§ 201, 202, and 203, and other derivative Labor

14   Code violations, because Defendant did not pay, or timely pay, Plaintiff and the unpaid wages for

15   work performed by them during their employment and at the end of their employment.

16        70.    As a result of the unlawful acts of Defendant, Plaintiff and Class Members have

17   been deprived of sick pay in amounts to be determined at trial, and are entitled to the recovery of

18   such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

19                                  **FIFTH CAUSE OF ACTION**

20            **FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

21                                   **(Against All Defendants)**

22        71.    Plaintiff incorporates and re-alleges each and every allegation contained above as

23   though fully set forth herein.

24        72.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members

25   for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As

26   a necessary part of employment, Plaintiff and on information and belief Class Members, were not

27   adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of

28   their personal cellphone usage and personal funds usage as described above, which was incurred

                                           - 14 -
                                  CLASS ACTION COMPLAINT

1  as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these

2  realities of the job, Defendants failed to provide reimbursements.

3      73.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or

4  implied, made by any employee to waive the benefits of this article or any part thereof is null and

5  void, and this article shall not deprive any employee or his or her personal representative of any

6  right or remedy to which he is entitled under the laws of this State.

7      74.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members

8  have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to

9  the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

10  pursuant to Labor Code § 2802.

11  **SIXTH CAUSE OF ACTION**

12  **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.**

13  **(Against All Defendants)**

14      75.    Plaintiff incorporates and re-alleges each and every allegation contained above as

15  though fully set forth herein.

16      76.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

17  unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

18  general public. Plaintiff seeks to enforce important rights affecting the public interest within the

19  meaning of the California Code of Civil Procedure §1021.5.

20      77.    Defendants' policies, activities, and actions as alleged herein, are violations of

21  California law and constitute unlawful business acts and practices in violation of California

22  Business and Professions Code §§17200, et seq.

23      78.    A violation of California Business and Professions Code §§17200, et seq., may be

24  predicated on the violation of any state or federal law. Defendants' policy of failing to accurately

25  pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to provide

26  accurate itemized wage statements and failing to accurately pay Plaintiff and Class Members sick

27  pay, violates Labor Code § 226, §246, §512, § 226.7, § 246, § 1194, § 2802, and applicable IWC

28  Wage Orders and California Code of Regulations.

- 15 -
CLASS ACTION COMPLAINT

1    79.    Plaintiff and Class Members have been personally aggrieved by Defendants'

2 unlawful and unfair business acts and practices alleged herein by the loss of money and/or

3 property.

4    80.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff

5 and Class Members are entitled to restitution of the wages withheld and retained by Defendants

6 during a period that commences four (4) years prior to the filing of this complaint; an award of

7 attorneys' fees, interest; and an award of costs.

8                                 **PRAYER FOR RELIEF**

9            WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

10                                  Class Certification

11    1.    That this action be certified as a class action;

12    2.    That Plaintiff be appointed as the representative of the Class;

13    3.    That Plaintiff be appointed as the representative of the Subclass; and

14    4.    That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

15                               On the First Cause of Action

16    1.    For compensatory damages equal to the unpaid balance of minimum wage

17 compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

18    2.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

19    3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and

20 interest thereon pursuant to Labor Code §§ 1194.2, 558;

21    4.    For such other and further relief as the Court deems proper.

22                              On the Second Cause of Action

23    1.    For statutory penalties pursuant to Labor Code §203;

24    2.    For interest for wages untimely paid; and

25    3.    For such other and further relief as the Court deems proper.

26                               On the Third Cause of Action

27    1.    For statutory penalties pursuant to Labor Code §226;

28    2.    For interest for wages untimely paid;

3.      For penalties pursuant to Labor Code §266.3; and

4.      For such other and further relief as the Court deems proper.

### On the Fourth Cause of Action

1.      For unpaid sick leave;

2.      For penalties pursuant to Labor Code § 203;

3.      For interest;

4.      For reasonable attorneys' fees and costs pursuant to statute; and

5.      For such other and further relief as the Court deems proper

### On the Fifth Cause of Action

1.      For statutory penalties pursuant to Labor Code §2802;

2.      For interest for wages untimely paid; and

3.      For such other and further relief as the Court deems proper.

### On the Sixth Cause of Action

1.      That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to accurately pay overtime, failing to pay minimum wages, failing to reimburse expenses, failing to accurately pay sick leave, failing to provide accurate itemized wage statements;

2.      For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4.      For costs of suit incurred herein; and

5.      For such other and further relief as the Court deems proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: February 28, 2022

JAMES HAWKINS APLC

By: _____
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
LAUREN FALK, ESQ.
AVA ISSARY, ESQ.
Attorneys for Plaintiff DAVID YUREVICH
JR. individually and on behalf of all others
similarly situated.

- 18 -
CLASS ACTION COMPLAINT

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/28/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Covarrubias _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV07221 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Kenneth R. Freeman | 14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/01/2022
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Covarrubias _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A, p. 149

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT — MANDATORY ELECTRONIC FILING FOR CIVIL | )<br>)<br>)<br>)<br>)<br>)<br>) |

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

  a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

  b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

  c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

  d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.   (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

   Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

      i)   Depositions;

      ii)   Declarations;

      iii)   Exhibits (including exhibits to declarations);

      iv)   Transcripts (including excerpts within transcripts);

      v)   Points and Authorities;

      vi)   Citations; and

      vii)   Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)   Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1  11)  SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A, p. 157

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 14

22STCV07221
**DAVID YUREVICH JR. vs INTERSTATE-RIM
MANAGEMENT COMPANY, LLC, et al.**

March 14, 2022
2:00 PM

Judge: Honorable Kenneth R. Freeman
Judicial Assistant: B. Guerrero
Courtroom Assistant: C. Gomez

CSR: None
ERM: None
Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
06/03/2022 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

---

Minute Order

Page 1 of 3

EXHIBIT A, p. 158

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 14

22STCV07221                                                      March 14, 2022
DAVID YUREVICH JR. vs INTERSTATE-RIM                              2:00 PM
MANAGEMENT COMPANY, LLC, et al.

Judge: Honorable Kenneth R. Freeman        CSR: None
Judicial Assistant: B. Guerrero            ERM: None
Courtroom Assistant: C. Gomez              Deputy Sheriff: None

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Minute Order                                                     Page 2 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 14

| | |
|---|---|
| **22STCV07221** | March 14, 2022 |
| **DAVID YUREVICH JR. vs INTERSTATE-RIM** | 2:00 PM |
| **MANAGEMENT COMPANY, LLC, et al.** | |

| | |
|---|---|
| Judge: Honorable Kenneth R. Freeman | CSR: None |
| Judicial Assistant: B. Guerrero | ERM: None |
| Courtroom Assistant: C. Gomez | Deputy Sheriff: None |

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

EXHIBIT A, p. 160

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

03/14/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ B. Guerrero _____ Deputy

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
DAVID YUREVICH JR.

DEFENDANT/RESPONDENT:
Interstate-Rim Management Company, LLC et al

**CERTIFICATE OF MAILING**

CASE NUMBER:
22STCV07221

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Regarding Newly Filed Class Action;) of 03/14/2022, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

James R. Hawkins
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, CA  92618

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/15/2022

By:  B. Guerrero
Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT A, p. 161

 Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

EXHIBIT A, p. 162

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

1

2

3

4

5

6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 14 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By: Berta Guerrero, Deputy

7        SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF LOS ANGELES

9                        CENTRAL DISTRICT

10   DAVID YUREVICH JR              Case No. 22STCV07221
                                   INITIAL STATUS CONFERENCE ORDER
11            Plaintiff,           (COMPLEX LITIGATION PROGRAM)

12      vs.                        Case Assigned for All Purposes to
                                   Judge Kenneth R. Freeman
13   INTERSTATE-RIM MANAGEMENT
     COMPANY, et al               Department: 14
14            Defendants.          Date:      June 3, 2022
                                   Time:      10:00 a.m.
15

16

17          Due to the pandemic and the urgent need to avoid court appearances, the parties MUST

18   sign up with an e- service provider at least ten court days in advance of the Initial Status

19   Conference and advise the Court, via email to sscdept14@lacourt.org, which provider was

20   selected.

21          This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

22   Litigation Program.  An Initial Status Conference is set for **June 3, 2022, at 10:00 a.m., in**

23   **Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312

24   N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

25

26          The Court orders counsel to prepare for the Initial Status Conference by identifying and

27   discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

28

---

                        INITIAL STATUS CONFERENCE ORDER          EXHIBIT A, p. 164

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement ten (10) court days ( **June 3, 2022 and provide a conformed courtesy copy DIRECTLY in Department 14)** before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

    **1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

    **2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

    **3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain.

    **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

    **5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

    **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

-2-

EXHIBIT A, p. 165

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION
WAIVER CLAUSES:** Please include a sample of any clause of this sort.   Opposing parties must
summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and
describe the significant core issues in the case. Counsel then are to identify efficient ways to
resolve those issues.  The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information
from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as
approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to
precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the
notice process, who should pay for it?  Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential
information from general disclosure should begin with the model protective orders found on the
Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery.  Do the parties agree on a plan?  If not, can
the parties negotiate a compromise?  At minimum, please summarize each side's views on
discovery.   The Court generally allows discovery on matters relevant to class certification, which
(depending on circumstances) may include factual issues also touching the merits.  The Court

-3-

generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12. INSURANCE COVERAGE:**  Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 14) prefers that the parties select:

■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

■ File & Serve Xpress (https://secure.fileandservexpress.com) or

---

[1] See California Rule of Court, Rule 3.768.

-4-

■ CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and

---

[2] California Rule of Court, Rule 3.770(a)

1  hearings on procedural and substantive challenges to the complaint and other issues that may

2  assist in the orderly management of these cases.  This stay shall not preclude the parties from

3  informally exchanging documents that may assist in their initial evaluation of the issues presented

4  in this case, however shall stay all outstanding discovery requests.

5      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

6  counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

7  service of this order. If any defendant has not been served in this action, service is to be completed

8  within twenty (20) days of the date of this order.

9

10  Dated:  3-14. 2022

11

12                      KENNETH R. FREEMAN
                        _____
13                        Judge Kenneth R. Freeman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 03/14/2022 Sherri R. Carter, Executive Officer / Clerk of Court By: B. Guerrero Deputy |
| PLAINTIFF/PETITIONER: DAVID YUREVICH JR. | |
| DEFENDANT/RESPONDENT: Interstate-Rim Management Company, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 22STCV07221 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Regarding Newly Filed Class Action;) of 03/14/2022, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

James R. Hawkins
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, CA  92618

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/15/2022

By:  B. Guerrero
Deputy Clerk

**CERTIFICATE OF MAILING**                    EXHIBIT A, p. 170

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

EXHIBIT A, p. 172

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A, p. 175

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)



LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT A, p. 176

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save

EXHIBIT A Clear 177



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)  
LASC Approved 04/11  
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

EXHIBIT A, p. 178

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



# FILED

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ) ORDER PURSUANT TO CCP 1054(a),<br>) EXTENDING TIME TO RESPOND BY<br>) 30 DAYS WHEN PARTIES AGREE<br>) TO EARLY ORGANIZATIONAL<br>) MEETING STIPULATION<br>) |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>JAMES HAWKINS APLC.; James R. Hawkins (#192925); Gregory Mauro (#222239)<br>Michael Calvo (#314986); Lauren Falk (# 316893); Ava Issary (#342252)<br>9880 Research Drive Suite 200 Irvine, CA 92816<br><br>TELEPHONE NO.: 949-387-7200  FAX NO. *(Optional):* 949-387-6676<br>ATTORNEY FOR *(Name):* David Yurevich JR | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME: David Yurevich Jr, individually and on behalf of all others similarly situated v.
Interstate-Rim Management Company, LLC, a Delaware Limited Liability Company, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22STCV07221 |
| | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties     d. [x] Large number of witnesses
    b. [x] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve         courts in other counties, states, or countries, or in a federal
    c. [x] Substantial amount of documentary evidence         court
                                                          f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):* 6
5.  This case [x] is  [ ] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 02/28/2022

Gregory Mauro, Esq.
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check one box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action.  To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

EXHIBIT A, p. 184

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER 22STCV07221 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:**

**Step 2:**

**Step 3:**

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4
EXHIBIT A, p. 185

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4
EXHIBIT A, p. 187

| SHORT TITLE: David Yurevich Jr v. Interstate-Rim Management Company, LLC, et al. | CASE NUMBER |
|---|---|

## Step 4: Statement of Reason and Address

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

## Step 5: Certification of Assignment:

Central

Dated: 02/28/2022

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
EXHIBIT A, p. 188